UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROGER LEE WALKER,
                    Plaintiff,
         v.
JERRY BROWN,
                    Defendant.

Case No. 15-cv-03148-JD

**ORDER DISMISSING CASE**

Petitioner, a civil detainee, filed a habeas action pursuant to 28 U.S.C. § 2241. He is currently awaiting trial to be civilly committed pursuant to California's Sexually Violent Predators Act (SVPA). *See* Cal. Welf. & Inst. Code 6600, et seq. Petitioner filed a form petition that sought to stop the California Department of State Hospitals from using certain standards, procedures, and assessment tools in determining if a person is a Sexually Violent Predator. He also sought to stop his commitment trial and to be released from inpatient treatment. Plaintiff is currently being held in Coalinga, CA which is located in the Eastern District of California. He stated the underlying commitment proceeding arose from Alameda County, which is in this district. Petitioner was ordered to show cause why this case should not be dismissed due to *Younger* abstention.[1] He has not filed a response or otherwise communicated with the Court.

A federal court generally will not enjoin or directly intercede in ongoing state court proceedings absent extraordinary circumstances. *Younger*, 401 U.S. at 40-41, 43-45. Federal courts will abstain if the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the petitioner an adequate opportunity to raise constitutional claims.

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

*Middlesex County Ethics Committee v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982).  For abstention to be appropriate, the federal court action must enjoin the state proceeding or have the practical effect of doing so by interfering in a way that *Younger* disapproves.  *Gilbertson v. Albright*, 381 F.3d 965, 977-78 (9th Cir. 2004) (en banc).  This principle of abstention has been applied to collateral attacks on criminal convictions; federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of a state criminal charge prior to a judgment of conviction by a state court, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973), or even during the time a case is on appeal in the state courts, *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989).  This principle has also been applied to pending state civil proceedings where important state interests are at stake.  *Middlesex County Ethics Committee*, 457 U.S. at 432; *Moore v. Sims*, 442 U.S. 415, 423 (1979) (pending child custody proceeding); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975) (pending nuisance action).

SVPA proceedings involve important state interests.  The importance of a state's interest may be shown by a close relationship between noncriminal proceedings to proceedings that are criminal in nature.  *Middlesex County Ethics Comm.*, 457 U.S. at 432.  The SVPA proceedings are closely related to proceedings that are criminal in nature and involve state interests of protection of the public and mental health treatment, which under California law are considered to be compelling, *Hubbart v. Superior Court*, 19 Cal. 4th 1138, 1153 n. 20 (1999), and are the types of interests categorized as legitimate and important under federal authority, *Dept. of Revenue of Ky. v. Davis*, 553 U.S. 328, 340 (2008) (health, safety and welfare of citizens); *Hill v. Colorado*, 530 U.S. 703, 715 (2000) (traditional police power of the state to protect the health and safety of citizens).

Specifically, the *Younger* abstention principles have been applied to SVPA proceedings.  *See*, *Smith v. Plummer*, 458 Fed. Appx. 642, 643 (9th Cir. Nov. 15, 2011) (unpublished*); Cruz v. Ahlin*, 2011 WL 5290092, at *3 (C.D.Cal. Aug. 24, 2011) (unpublished) (collecting cases).

The case is **DISMISSED** in light of the case law cited above.  To the extent petitioner challenges the conditions of his confinement, he must file an action pursuant to 42 U.S.C. § 1983

1 in the Eastern District of California where he is currently confined.[2] To the extent he wishes to
2 challenge the lawfulness of his commitment he must file a petition for habeas corpus pursuant to
3 28 U.S.C. § 2254 after he has been committed and exhausted his claims in state court. All
4 pending motions are denied as moot and the Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: November 17, 2015

_____
JAMES DONATO
United States District Judge

---

[2] Petitioner has already filed a case challenging his treatment. *See Walker v. Allenby*, Case No. 15-cv-0198-LJO-MJS (E.D. Cal.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROGER LEE WALKER,

    Plaintiff,

  v.

JERRY BROWN,

    Defendant.

Case No. 15-cv-03148-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 17, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roger Lee Walker ID: CO-001619-6
Coalinga State Hospital
P.O. Box 5003
Coalinga, CA 93210-5003

Dated: November 17, 2015

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

4